IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEREMY SALSBURG; XDG TRADING, LLC; EAGLE'S VIEW PARTNERS, LTD.; EAGLE'S VIEW MANAGEMENT, LP; and FIRST HORIZON BANK AS TRUSTEE FOR JET SUPPORT SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INVESCO CAPITAL MANAGEMEMENT, LLC. <br><br> Defendant. | Case No. 1:21-CV-06343 <br><br> Hon. Matthew F. Kennelly |

## DEFENDANT INVESCO CAPITAL MANAGEMENT, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant Invesco Capital Management, LLC ("Invesco"), by and through its attorneys, Ropes & Gray LLP, respectfully submits this Memorandum in Opposition to the Motion to Remand filed by Plaintiffs Jeremy Salsburg ("Salsburg"), XDG Trading LLC ("XDG"), Eagle's View Partners, Ltd. ("EVP"), Eagle's View Management, LP ("EVM"), and First Horizon Bank as Trustee for Jet Support Services, Inc. ("First Horizon Bank," and together with Salsburg, XDG, EVP, and EVM, "Plaintiffs") on December 28, 2021, Dkt. No. 21, and states as follows:

### INTRODUCTION

Since the inception of this action (hereinafter, the "Action"), Invesco has repeatedly attempted to obtain the basic factual information from Plaintiffs that would allow Invesco to evaluate whether federal diversity jurisdiction exists. Counsel for Plaintiffs have resisted Invesco's reasonable efforts at every turn, only producing the fundamental information on the citizenship of their clients after months of written correspondence, phone calls, a remand,

1

discovery requests, a motion to compel, and on the brink of a second motion to compel. *See* Dkt. No. 1 at 2-3.[1] After finally obtaining the necessary jurisdictional information, Invesco timely removed this Action, clearly demonstrating the existence of complete diversity of citizenship among the parties. *See* Dkt. No. 1.

Now, and in another gambit to have this case remanded, counsel for Plaintiffs have, for the first time, baldly asserted that, despite the caption in this case and the other unequivocal language of the amended complaint, First Horizon Bank is somehow not suing as the "Trustee on behalf of Jet Support Services, Inc." *See* Amended Compl, Dkt. No. 1-1. Plaintiffs make this extraordinary assertion based solely on their counsel's unsupported statements and a vague description of some sort of trustee-beneficiary relationship between Jet Support Services, Inc. ("Jet") and First Horizon Bank, suggesting that this is enough for the Court to ignore Plaintiffs' own pleading and clear U.S. Supreme Court precedent and remand this case back to Illinois state court.

Plaintiffs' slight-of-hand must be rejected. Plaintiffs cannot disavow their own pleading under Seventh Circuit law, nor have this Court ignore the U.S. Supreme Court's clear directive that First Horizon Bank's Tennessee citizenship, as a trustee-plaintiff, is "all that matters" for diversity purposes. Plaintiffs' other arguments—that this Court should overturn well-established U.S. Supreme Court and Seventh Circuit precedent that clearly explains how federal courts should analyze the citizenship of partnerships and limited liability companies—ask the impossible. This Court cannot, and should not, overturn such precedent. Indeed, the U.S. Supreme Court has made clear that only Congress may address such policy arguments. Instead, the Court should deny Plaintiffs' Motion to Remand, Dkt. No. 21.

---

[1] Invesco's months-long attempt to obtain this basic information is detailed in Defendant's Notice of Removal. Dkt. No. 1 at 2-3.

**ARGUMENT**

**I.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

**A.  First Horizon Bank's Tennessee Citizenship is "all that matters for" Purposes of Federal Diversity Jurisdiction**

Plaintiffs argue that this Court should ignore the Tennessee citizenship of the named Plaintiff First Horizon Bank and instead look to the Delaware citizenship of Jet because they assert that a "business trust" exists between First Horizon Bank and Jet. But, under binding U.S. Supreme Court precedent, First Horizon Bank's citizenship is "all that matters" for diversity jurisdiction purposes because First Horizon Bank is suing as a trustee in its own name. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (citing N*avarro Savings Assn. v. Lee*, 446 U.S. 458, 462-66 (1980)).

In an attempt to evade this clear U.S. Supreme Court authority, counsel for Plaintiffs disavows Plaintiffs' own amended complaint and asserts that it is Jet, not First Horizon Bank, that is actually suing. The Court should reject Plaintiffs' counsel's unsupported assertion, which is akin to a Jedi mind-trick. Not only does the caption of Plaintiffs' amended complaint name the party bringing this suit as "First Horizon Bank as Trustee for Jet Support Services, Inc.," but the body of the amended complaint also flatly states that First Horizon Bank is in the case "as Trustee" for Jet. Dkt. No. 1-1 at ¶ 6. Plaintiffs do not dispute that First Horizon Bank is in fact a Tennessee banking corporation headquartered in Tennessee and is therefore a citizen of Tennessee. Dkt. No. 22 at 4 ("First Horizon Bank is a chartered bank domiciled in Tennessee."); *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) "[A] national bank . . . is a citizen of the State in which its main office . . . is located."). Under binding Seventh Circuit law, Plaintiffs' counsel cannot now contravene their own amended complaint because it suits their argument for remand and muddy the waters by asserting that Jet, as opposed to First Horizon Bank, is the real plaintiff bringing this

3

Action. *See Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) (holding that plaintiff is bound by its characterizations in its complaint because it is a "well-settled rule that a party is bound by what it states in its pleadings"); *see also Milwaukee Ctr. for Indep., Inc. v. Milwaukee Health Care, LLC*, 929 F.3d 489, 494 (7th Cir. 2019) (holding that "a blatant attempt to contradict what [a party] already admitted" in a prior pleading in a later brief will not be allowed).

What is clear is that under U.S. Supreme Court and Seventh Circuit precedent, Jet's citizenship is entirely irrelevant because First Horizon Bank brought this suit as trustee, and therefore its citizenship is "all that matters." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (citing N*avarro Savings Assn. v. Lee*, 446 U.S. 458, 462-66 (1980)); *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 691 (7th Cir. 2016) ("When the trustee sues (or is sued), the trustee's citizenship matters."); *Leoris v. Chicago Title Land Tr. Co.*, No. 18-CV-02575, 2018 WL 2689129, at *1 (N.D. Ill. June 5, 2018) ("In this case, however, the trustee (Chicago Title), not the trust itself, is the named defendant, and it is undisputed that Chicago Title is an Illinois citizen."). While Plaintiffs cite *Americold*, they tellingly omit this uncontroverted statement of law. *See* Dkt. No. 22 at 4-5. Plaintiffs instead quote the language that immediately follows:

> For a traditional trust, therefore, there is no need to determine its membership, *as would be true if the trust, as an entity, were sued* . . . So long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members. But neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust.

*Id.* (quoting *Americold*, 577 U.S. at 383) (emphasis added). But this qualifying language does not support their position because the trust, "as an entity," is not suing or being sued in this Action, the trustee is.

4

B. **Plaintiffs' Arguments Regarding Business Trusts are Irrelevant**

Plaintiffs' argument and new assertions relating to the existence and terms of a purported "business trust" between First Horizon Bank and Jet are red herrings. In their Motion to Remand, Plaintiffs' counsel claims, for the first time, that "Jet established a business trust under which Jet (not its trustee) makes all material business and legal decisions while its trustee, First Horizon Bank, performs administrative functions." Dkt. No. 22 at 3-4. Plaintiffs have failed to provide any evidence to support this vague, bald assertion of counsel regarding this "business trust" or how it operates. Indeed, Plaintiffs' assertion that First Horizon Bank lacks the capacity to make legal decisions on behalf of the trust is, of course, contradicted by the fact that—according to Plaintiffs' own amended complaint—First Horizon Bank itself brought this action as trustee.

But even if Plaintiffs' counsel is correct, it would not matter. First and foremost, the citizenship of a "business trust," or its beneficiary, does not matter when, as here, neither is a named party. *See RTP LLC*, 827 F.3d at 691 (discussing *Americold* and *Navarro* and holding that "[w]hen the trustee sues . . . the trustee's citizenship matters."). It makes no difference that now, in their Motion to Remand, Plaintiffs reverse their previous position and for the first time claim that Jet itself is not a "business trust," but is instead a beneficiary.[2] *See* Dkt. No. 22 at 6. A business trust is a distinct legal entity capable of suing and being sued in its own name. *See Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018) (citing *Americold*, 577 U.S. at 382) (contrasting business trusts, "a newer invention," to traditional trusts, which "cannot sue or be sued in their own name."); s*ee also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d

---

[2] Plaintiffs' counsel originally represented to Invesco that "Jet Support Services, Inc. *is* undoubtedly a business trust." *See, e.g.*, Dkt. No. 22-1 (emphasis added). But, as counsel for Invesco made clear to Plaintiffs' counsel months ago, and as Plaintiffs themselves now admit, it is clear that Jet Support Services, Inc. is a Delaware corporation, not an unincorporated business trust. Dkt. No. 22 at 1 ("Jet is a Delaware corporation[.]")

5

719, 722 (2d Cir. 2017) (explaining that traditional trusts, as opposed to "business trusts," have "no legal identity distinct from their trustees").

Therefore, whether a trust is a traditional trust or a "business trust" is only relevant when, unlike here, the trust *itself* files suit in its own name. In *Americold*, the "business trust" itself, not its trustee, was the named party. 577 U.S. at 382 ("This case asks us to determine the citizenship of [Defendant-Petitioner] Americold Realty Trust, a 'real estate investment trust' organized under Maryland law."). The U.S. Supreme Court was clear in *Americold* that it was deciding only what constitutes the citizenship of an unincorporated entity, like a "business trust." 577 U.S. at 380 ("We granted certiorari to resolve confusion among the Courts of Appeals regarding the citizenship of unincorporated entities."). The Court explained that this inquiry is distinct from the citizenship of a trustee when the trustee is the named party to a suit: "*Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs . . . . This rule coexists with our discussion above that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members." *Id.* at 382-83 (emphasis in original) (citing N*avarro*, 446 U.S. 458). *Navarro* held that, as had been the case "[f]or more than 150 years" prior, "trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." 446 U.S. at 458, 466. *Americold* did not disturb *Navarro*'s holding that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold*, 577 U.S. at 383. In short, Plaintiffs' assertion that Jet is part of a "business trust" and is domiciled in Delaware is irrelevant because neither Jet, the purported beneficiary, nor the "business trust" that Plaintiffs' counsel now asserts exists brought this Action in its own name. *Id.* Indeed, *RTP LLC*, the very case upon which Plaintiffs rely, *see* Dkt. No. 22 at 5-6, is clear that "[w]hen the

trustee sues (or is sued), the trustee's citizenship matters. And when the beneficiary sues or is sued, or a trust litigates in its own name, again the citizenship of the party controls."[3] *RTP LLC*, 827 F.3d at 691. The analysis ends there.

Second, it does not matter whether the trust purportedly established by Jet is a traditional trust or an artificial unincorporated entity to which state law has "applied the 'trust' label," *see Americold*, 577 U.S. at 383, because First Horizon Bank brought this Action in its own name. But even if it did matter, Plaintiffs have offered no evidence that the relationship involving Jet, First Horizon Bank, and an unnamed trust is anything other than a traditional fiduciary trust relationship.[4] A traditional trust cannot sue or be sued, so actions are brought by or against its trustee, just as First Horizon Bank has done here. *See id.* Indeed, a traditional fiduciary relationship is what ordinarily exists between a bank and a corporation for which the bank acts as trustee. *See, e.g., Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1228-29 (9th Cir. 2019) (holding that when HSBC Bank, as trustee, was sued in its own name, its citizenship was "all that matters for diversity purposes") (citation omitted). The Ninth Circuit also stated in *Demarest* that "a trust whose sole trustee is a bank" is "almost certainly . . . a traditional trust." *Id.* at 1229 (citation omitted). In fact, the *Demarest* court went on to explain that, even setting aside the fact that the trustee was sued in its own name, HSBC Bank was the real party in interest because, among other things, it was authorized to institute a "suit or proceeding in its own name

---

[3] Plaintiffs conveniently omit this key holding from their argument, despite including a block quotation of the language that immediately follows it. Dkt. No. 22 at 5 (quoting *RTP LLC*, 827 F.3d at 691).

[4] While Invesco's counsel believes this to be unnecessary given clear and decisive U.S. Supreme Court precedent on this issue, to the extent the court desires to review trust documents, the court should entertain limited jurisdictional discovery for this purpose. *See Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1053 (S.D. Ill. 2021) ("The Court is granting Plaintiff's motion for jurisdictional discovery [to assess the issue of citizenship] because the undersigned must first ensure the Court has subject matter jurisdiction over the present matter.").

as Trustee." *Id.* at 1230. So too here, given that Plaintiffs' amended complaint names First Horizon Bank, as Trustee for Jet, as a plaintiff.

      **C.      The Court Should Not, and May Not, Overturn U.S. Supreme Court and Seventh Circuit Precedent Regarding the Citizenship of Partnerships and Limited Liability Companies**

Invesco has properly alleged diversity of citizenship among all parties, and this Court should not disturb relevant U.S. Supreme Court and Seventh Circuit precedent and hold otherwise. As Invesco has asserted in its Notice of Removal, Dkt. No. 1, and which Plaintiffs do not dispute, partnerships "take the citizenship of every general and limited partner." *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); *see also Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). This principle is abundantly clear throughout U.S. Supreme Court and Seventh Circuit jurisprudence. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership … is a citizen of each State or foreign country of which any of its partners is a citizen"); *America's Best Inn v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen"). Equally clear is the principle that limited liability companies also take the citizenship of each of their members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

Astonishingly, Plaintiffs argue that this Court should overturn these clear and abundant precedents because "[d]espite the evolution of business structures, there has been no change to the framework for evaluating the jurisdiction of these distinct business entities that, admittedly, function like corporations." Dkt. No. 22 at 6. Plaintiffs ignore that the U.S. Supreme Court has already squarely rejected this argument, noting that such a change is the province of Congress, not the courts. *See United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 150-

8

51 (1965) (rejecting an argument that an unincorporated entity be treated like a corporation for citizenship purposes and noting that such pleas "ought to be made to Congress and not the courts").

Plaintiffs incorrectly allege that "a number of courts" have ignored this broadly accepted principle and "recognized that a limited liability company is equivalent to a corporation." Dkt. No. 22 at 8. But the cases Plaintiffs cite in support of this supposedly burgeoning "framework," wherein limited liability companies are treated like corporations for diversity purposes, do not at all support that contention. *Id.* In none of the cases did the court address the question of diversity jurisdiction or analyze the limited liability company's citizenship. *See Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 341 n. 5 (6th Cir. 2005); *Ferrer v. MedaSTAT USA, LLC*, 145 Fed.Appx. 116, 117 n. 1 (6th Cir. 2005); *PeopleSoft, Inc. v. Amherst, L.L.C.*, 369 F.Supp.2d 1263, 1266 (D. Col. 2005).

In fact, Plaintiffs offer no case law supporting their arguments that the Court should ignore firmly established principles of diversity jurisdiction and treat partnerships and limited liability corporations like corporations, as opposed to like partnerships and limited liability corporations, in determining citizenship. Plaintiffs' policy arguments have no legal foundation and must be rejected. Invesco has properly alleged that EVM, a limited partnership, takes the citizenship of each of its general and limited partners, none of which are citizens of Delaware or Georgia. Invesco has also properly alleged its citizenship, which takes the Delaware and Georgia citizenships of its sole member.

## II. INVESCO'S NOTICE OF REMOVAL WAS TIMELY

Invesco originally attempted to remove this Action on August 30, 2021. The Court remanded the Action to state court the following day, citing the deficiencies caused by Plaintiffs' lack of transparency about their citizenship. Dkt. No. 1-2. On September 15, 2021, Invesco issued discovery requests to Plaintiffs, which sought to address the deficiencies identified by the Court

9

and confirm whether federal diversity jurisdiction exists in this Action. Sixty-one days later, after a motion to compel filed in state court, two meet-and-confers, and myriad emails wherein Plaintiffs repeatedly dodged Invesco's very reasonable discovery requests for basic information about their citizenship, Plaintiffs provided responses to certain of the discovery requests on November 15, 2021—well after the 28 days permitted under Illinois Supreme Court Rules 213 and 216. Dkt. Nos. 1-3, 1-4, 1-5, 1-6, 1-7. Those responses confirm that federal diversity jurisdiction exists in this Action. *Id.* Invesco then promptly and timely filed its Notice of Removal on November 29, 2021. Dkt. No. 1.

Despite Plaintiffs' repeated assertions to the contrary, Invesco had no right to appeal the Court's August 31, 2021 remand order. As the Court acknowledged during the parties' status conference on December 16, 2021, a remand to state court for lack of diversity jurisdiction is not appealable under 28 U.S.C. § 1447(d). In addition, Invesco was permitted to file a successive removal. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal … [and] an unsuccessful earlier attempt to remove is not dispositive.").

As explained in Invesco's Notice of Removal, Dkt. No. 1 at 3, Invesco had 30 days to remove this action after receipt of any "paper from which it may be first ascertained that the action is one which is or has become removable," which in this case was November 15, 2021, the date Plaintiffs provided their discovery responses to Invesco. 28 U.S.C. § 1446(b)(3); *see also Benson*, 188 F.3d at 782-83. Indeed, Invesco removed this Action 14 days later, on November 29, 2021. Invesco did not need to file a notice of removal within 30 days of Plaintiffs' filing of their amended complaint when their citizenship could not be ascertained from the amended complaint. *See* 28 U.S.C. § 1446(b)(3). Further, because First Horizon Bank has brought this Action as trustee, there

was—and remains—no need for further discovery into any purported trust relationship between Jet and First Horizon Bank. Dkt. No. 22 at 3-4.

## CONCLUSION

Invesco has properly alleged the citizenship of each Plaintiff, and those allegations clearly demonstrate that there is complete diversity of citizenship among the parties. Therefore, this Court has original jurisdiction over this Action, and Invesco respectfully requests the Court deny Plaintiffs' Motion to Remand.

Dated: January 10, 2022　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　*/s/ Nicholas M. Berg*

　　　　　　　　　　　　　　　　　　　　　　Nicholas M. Berg
　　　　　　　　　　　　　　　　　　　　　　Anne C. Monjar
　　　　　　　　　　　　　　　　　　　　　　John L. Wolf
　　　　　　　　　　　　　　　　　　　　　　**ROPES & GRAY LLP**
　　　　　　　　　　　　　　　　　　　　　　191 North Wacker Drive
　　　　　　　　　　　　　　　　　　　　　　31st Floor
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　　Tel: (312) 845-1200
　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 845-5522
　　　　　　　　　　　　　　　　　　　　　　Nicholas.Berg@ropesgray.com

　　　　　　　　　　　　　　　　　　　　　　Devon A. Caton
　　　　　　　　　　　　　　　　　　　　　　**ROPES & GRAY LLP**
　　　　　　　　　　　　　　　　　　　　　　Prudential Tower
　　　　　　　　　　　　　　　　　　　　　　800 Boylston Street
　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02199

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　*Invesco Capital Management, LLC.*

**CERTIFICATE OF SERVICE**

I, Nicholas M. Berg, hereby certify that the foregoing document was electronically filed on January 10, 2022, and will be served upon the registered parties of record via a FedEx mailing and electronically via email and the Court's ECF Notice system.

/s/ Nicholas M. Berg

Nicholas M. Berg
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Nicholas.Berg@ropesgray.com

*Attorney for Defendant Invesco Capital Management, LLC.*