CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeremy Salsburg, XDG Trading, LLC | ) | |
| Eagle's View Partners, Ltd., | ) | |
| Eagle's View Management, LP, and | ) | |
| First Horizon Bank as Trustee for | ) | |
| Jet Support Services, Inc. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:21-CV-06343 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| Invesco Capital Management, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**Agreed [Invesco Capital Management, LLC's Proposed]
Revised Confidentiality Order**

The parties to this Agreed Confidentiality Order (the "Order") have agreed
to the terms of this Order. Accordingly, it is ORDERED:

Having reviewed the parties' respective proposed revisions to the Agreed
Confidentiality Order (ECF No. 31), the Court adopts Defendant Invesco Capital
Management, LLC's proposed Revised Confidentiality Order (the "Order").
Accordingly, it is ORDERED:

1.    **Scope.**  All materials produced or adduced in the course of
discovery, including initial disclosures, responses to discovery requests,
deposition testimony and exhibits, and information derived directly therefrom
(hereinafter collectively "documents"), shall be subject to this Order concerning
Confidential Information or, Highly Confidential Information, or Extra Highly
Confidential Information as defined below.  This Order is subject to the Local

Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.   **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial, legal, or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.   **Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that is highly sensitive information of any party that could cause serious competitive harm or other serious harm if such information is disclosed ~~to any other person~~ except ~~counsel~~ in accordance with this Order, such as trade secrets as defined by applicable state law.

4.   **Extra Highly Confidential Information.**  As used in this Order, "Extra Highly Confidential Information" means information designated as "EXTRA HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the producing party that is especially sensitive information of any party that is likely to cause extremely

2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

serious competitive harm or other particularly serious harm if such information is disclosed except in accordance with this Order.  Extra Highly Confidential Information shall be produced, housed, reviewed, tested, manipulated, and analyzed in a systems and data environment that meets the parameters set forth in Attachment B.  Unless otherwise agreed to by the parties, Extra Highly Confidential Information shall include *only* the Source Code (as defined in Attachment B) produced by Plaintiff Jeremy Salsburg.  For the avoidance of doubt, Extra Highly Confidential Information shall not include the "ingestion engine" used to import the basket file data into the trading algorithm.  For the further avoidance of doubt, discovery materials, including documents, deposition questions, testimony, or exhibits that describe or summarize the Source Code in general terms or that quote only portions of the Source Code, are permissible under this Order, and shall be designated Highly Confidential Information, not Extra Highly Confidential Information.

**5.** **4.** **Designation**.

(a)     A party may designate a document as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "EXTRA HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images,

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

duplicates, extracts, summaries, or descriptions that contain the

Confidential Information or Highly Confidential Information.  The marking

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "EXTRA

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be applied

prior to or at the time of the documents are produced or disclosed.

Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER," or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER," or "EXTRA HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" to a document does not mean that the document has any status or

protection by statute or otherwise except to the extent and for the purposes

of this Order.  Any copies that are made of any documents marked

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "EXTRA

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall also be so

marked, except that indices, electronic databases or lists of documents that

do not contain substantial portions or images of the text of marked

documents and do not otherwise disclose the substance of the Confidential

Information or, Highly Confidential Information, or Extra Highly Confidential

Information are not required to be marked.

      **(b)**    The designation of a document as Confidential Information or,

Highly Confidential Information, or Extra Highly Confidential Information is a

certification by an attorney or a party appearing *pro se* that the document

contains Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information as defined in this Order.[1]

**6.** 5. **Depositions.**  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information or Highly Confidential Information until the expiration of the following:  No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court.

**7.** 6. **Protection of Confidential, Highly Confidential, and Extra Highly Confidential Material**.

(a)    **General Protections.**  Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information shall not

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "EXTRA HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)     Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10).  The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third person or entity, except as set forth in subparagraphs (1), (3)-(5), and (7)-(10).  The parties and counsel for the parties shall not disclose or permit the disclosure of any Extra Highly Confidential Information to any third person or entity, except as set forth in subparagraphs (1), (3)-(4), (7), and (9)-(10).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     **Counsel.**  (i) Counsel for the parties[2] and (ii) employees of counsel for the parties who have responsibility for the action, who in both cases (i) and (ii) are not employees of the parties but are retained as outside counsel to represent the parties;

(2)     **Parties.**  Individual parties and employees of a party, including the parties' in-house lawyers, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     **The Court and its personnel;**

(4)     **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

---

[2] Extra Highly Confidential Information may not be revealed to counsel for the parties unless counsel has filed an appearance with this Court in this matter.

**(5)     Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6)     Consultants.**  Consultants or investigators employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7)     Experts.**  Experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed and served on the other parties the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; in addition, the Designated Expert (as defined in Attachment B) shall ensure that the Extra Highly Confidential Information is housed, reviewed, tested, manipulated, and analyzed in a systems and data environment that meets the parameters set forth in Attachment B and shall execute the Expert's Acknowledgment And Agreement To Be Bound set forth in Attachment C;

**(8)     Witnesses at depositions.**  During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information or Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information or Highly Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(9)     Author or recipient.**  The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(10)     Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)     Control of Documents.**  Counsel for the parties shall make

reasonable efforts to prevent unauthorized or inadvertent disclosure of

Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**8.** **7. Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information.

**9.** **8. Filing of Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information.**  This Order does not, by

itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.  For the avoidance of doubt, Defendant will file a motion under LR 26.2 to seal portions of any of its motions, briefs or other submissions that describe the Source Code's logic or structure.

**10.** **9.** **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**11.** **10.** **Challenges by a Party to Designation as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information.**  The designation of any material or document as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a) **Meet and Confer.**  A party challenging the designation of Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the

confidentiality designation was not proper and must give the designating

party an opportunity to review the designated material, to reconsider the

designation, and, if no change in designation is offered, to explain the basis

for the designation.  The designating party must respond to the challenge

within five (5) business days.

**(b)** **Judicial Intervention.**  A party that elects to challenge a

confidentiality designation may file and serve a motion that identifies the

challenged material and sets forth in detail the basis for the challenge.

Each such motion must be accompanied by a competent declaration that

affirms that the movant has complied with the meet and confer

requirements of this procedure.  The burden of persuasion in any such

challenge proceeding shall be on the designating party.  Until the Court

rules on the challenge, all parties shall continue to treat the materials as

Confidential Information or, Highly Confidential Information, or Extra Highly

Confidential Information under the terms of this Order.

**12.** **11. Action by the Court.**  Applications to the Court for an order

relating to materials or documents designated Confidential Information or, Highly

Confidential Information, or Extra Highly Confidential Information shall be by

motion.  Nothing in this Order or any action or agreement of a party under this

Order limits the Court's power to make orders concerning the disclosure of

documents produced in discovery or at trial.

**13.** **12. Use of Confidential or, Highly Confidential, or Extra Highly

Confidential Documents or Information at Trial.**  Nothing in this Order shall be

construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14.**    **13. Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

**(a)**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

**(b)**    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of

this Order promptly to the party in the other action that caused the subpoena to issue.

(c)      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information by the other party to this case.

**15.      14. Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**16.** ~~15.~~ **Obligations on Conclusion of Litigation**.

(a)      **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)      **Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information or Highly Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in paragraph 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[23] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  All Extra Highly Confidential Information shall be destroyed in accordance with the procedure set forth in Section 6 of Attachment B ("Deletion of Source Code").

---

[23] The parties may choose to agree on the terms and manner of destruction, which may include, but is not limited to, agreeing that the receiving party shall destroy documents containing Confidential Information ~~or~~, Highly Confidential Information, or Extra Highly Confidential Information and certify the fact of destruction, and/or agreeing that the receiving party shall not be required to locate, isolate and return emails (including attachments to e-mails) that may include Confidential Information ~~or~~, Highly Confidential Information, or Extra Highly Confidential Information, and/or Confidential Information ~~or~~, Highly Confidential Information, or Extra Highly Confidential Information contained in deposition transcripts, drafts of expert reports, or final expert reports.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or, Highly Confidential Information, or Extra Highly Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**17.** ~~16.~~ **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**18.** ~~17.~~ **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

determination that any document or material designated Confidential Information

~~or~~, Highly Confidential Information, or Extra Highly Confidential Information by

counsel or the parties is entitled to protection under Rule 26(c) of the Federal

Rules of Civil Procedure or otherwise until such time as the Court may rule on a

specific document or issue.

**19.** ~~18.~~ **Persons Bound.**  This Order shall take effect when entered and

shall be binding upon all counsel of record and their law firms, the parties, and

persons made subject to this Order by its terms.

*So Ordered.*

Dated:

_____

U.S. District Judge

~~U.S. Magistrate Judge~~

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WE SO MOVE
and agree to abide by the
terms of this Order

WE SO MOVE
and agree to abide by the
terms of this Order

_____
Signature

/s/ Nicholas M. Berg_____
Signature

_____
Printed Name

Nicholas M. Berg_____
Printed Name

Counsel for: _____

Counsel for: Invesco Capital
Management, LLC_____

Dated: _____

Dated:  01/25/2022_____

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeremy Salsburg, XDG Trading, LLC | ) | |
| Eagle's View Partners, Ltd., | ) | |
| Eagle's View Management, LP, and | ) | |
| First Horizon Bank as Trustee for | ) | |
| Jet Support Services, Inc. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:21-CV-06343 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| Invesco Capital Management, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Revised Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the ~~Confidentiality~~ Order and understands that the terms of the ~~Confidentiality~~ Order obligate him/her to use materials designated as Confidential Information ~~or~~, Highly Confidential Information, or Extra Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

such Confidential Information or, Highly Confidential Information, or Extra Highly

Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Revised Confidentiality

Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____        _____
                                            Signature

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**ATTACHMENT B**

# FILED UNDER SEAL

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

the purge, Ankura will provide counsel for Plaintiffs' with a Certificate of Sanitization as set forth in Appendix G of Standard 800-88, if applicable.

## ATTACHMENT C

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeremy Salsburg, XDG Trading, LLC Eagle's View Partners, Ltd., Eagle's View Management, LP, and First Horizon Bank as Trustee for Jet Support Services, Inc. | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:21-CV-06343 |
| v. | ) ) | Hon. Matthew F. Kennelly |
| Invesco Capital Management, LLC | ) ) | |
| Defendant. | ) | |

### EXPERT'S ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned, an expert retained by Defendant Invesco Capital Management, LLC ("Defendant") to assist in the preparation and trial of this action, hereby acknowledges that, in addition to signing the Acknowledgment and Agreement To Be Bound at Attachment A, he/she has read the Expert Technology and Data Environment Parameters for Extra Highly Confidential Information at Attachment B, understands the terms thereof, and agrees to strictly abide by those terms in his/her handling of Plaintiffs' Extra Highly Confidential Information. The undersigned further affirms that:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

1.     The Expert and their firm shall ensure that the Extra Highly Confidential Information is housed, reviewed, tested, manipulated, and analyzed in a systems and data environment that meets the parameters set forth in Attachment B;

2.     The undersigned and their firm have no overlapping employees or other affiliation with Defendant or any of Defendant's affiliates;

3.     The undersigned and their consulting staff are not professional traders who execute trading strategies on behalf of individual or corporate clients, including but not limited to algorithm trading involving index exchange traded funds (ETFs), or who otherwise compete with Plaintiff Jeremy Salsburg based on the nature of his business as alleged in the Amended Complaint;

4.     The undersigned, their consulting staff, and their firm shall not use trade secrets obtained from review of Extra Highly Confidential Information to conduct any trading activity;

5.     The undersigned firm shall provide notice to Plaintiffs of any change in professional trader status within three years by any consultants (including the undersigned) who accessed Highly Confidential Information.

For the avoidance of doubt, the undersigned and their firm are not affiliated with Defendant or Defendant's affiliates for purposes of this Order merely because Defendant, Defendant's affiliates, or Defendant's counsel retains the undersigned or their firm in this or other litigation.

The undersigned voluntarily submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Order and

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

its enforcement, and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information, Highly Confidential Information, or Extra Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information, Highly Confidential Information, or Extra Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Revised Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____
                                 Signature

| Summary report: Litera Compare for Word 11.3.1.3 Document comparison done on 2/27/2023 6:17:51 PM | |
|---|---|
| **Style name:** RG_Default_Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 2022.02.03 Confidentiality Order.docx | |
| **Modified filename:** 2023.02.25_Invesco_proposed_revised_confidenitality (DRAFT to plaintiffs counsel).docx | |
| **Changes:** | |
| Add | 165 |
| Delete | 76 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 241 |