**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JEREMY SALSBURG; XDG TRADING, LLC; EAGLE'S VIEW PARTNERS, LTD.; EAGLE'S VIEW MANAGEMENT, LP; and FIRST HORIZON BANK AS TRUSTEE FOR JET SUPPORT SERVICES, INC., <br><br> Plaintiffs, <br> v. <br> INVESCO CAPITAL MANAGEMENT, LLC. <br><br> Defendant. | Case No. 1:21-CV-06343 <br><br> Hon. Matthew F. Kennelly <br> Hon. Maria Valdez |

**PLAINTIFFS' MOTION FOR A 30(b)(6) DEPOSITION OF INVESCO CAPITAL
MANAGEMENT, LLC AND TO RESET BRIEFING SCHEDULE**

Plaintiffs, Jeremy Salsburg ("Mr. Salsburg"), XDG Trading, LLC ("XDG"), Eagle's View Partners, LTD ("EVP"), Eagle's View Management, LP ("EVM"), and First Horizon Bank as Trustee for Jet Support Services, Inc. ("Jet") (collectively, "Plaintiffs"), bring this motion for a 30(b)(6) deposition of Invesco Capital Management, LLC and to reset briefing schedule respectfully state as follows:

## INTRODUCTION

The parties agreed to allow Defendant to proceed with a Motion for Summary Judgment (the "Motion") on undisputed facts. Instead, Defendant included many disputed facts, which it deemed to be essential to its Motion, including two sworn declarations that have not been cross-examined but included disputed facts. This Court denied Plaintiffs' request to examine declarants and instead permitted a single deposition of former Defendant employee Elizabeth Despain. During the deposition, Ms. Despain claimed a lack of knowledge or recollection on the majority of major questions in her deposition. Accordingly, Plaintiffs respectfully request that this Court grant it the ability to take a 30(b)(6) deposition of Defendant and reset the briefing schedule with Plaintiffs' supplemental brief due two weeks after the 30(b)(6) deposition and Defendant's supplemental brief due two weeks thereafter.

## MS. DESPAIN'S DEPOSITION

Defendant's former employee Ms. Elizabeth Despain sat for a two-hour deposition on November 20, 2023. In that deposition attached as Exhibit 1, Ms. Despain admitted she was a senior ETF operations specialist (Ex. 1 p. 5, 21-2) and team leader (Id. p. 22, 23, 19-3), yet said she did not recall the answer to 36 questions. She didn't know whether basket files were sent to Invesco before NSCC (Id. p. 25, 3-10). She didn't know if Invesco's internal check system was setup to catch the errors, or even how it worked (Id. p 25-29, 11-24). She didn't know the cause of

1

the error, or even how to explain the error (Id. p. 38-45). She didn't recall if she notified authorized participants once she was informed about the error (Id. p. 73, 11-15). She didn't recall what was discussed at a post-mortem roundtable meeting she referenced in her emails (Id. p. 49, 15-22). She didn't recall why Invesco performed a cash check on the basket files (Id. p. 53, 8-17). She didn't recall how Invesco received the basket files (Id. p. 16, 20-24). She didn't recall if Invesco verified basket files (Id. p. 17) or even if she dealt with Bank of New York regarding basket file verification (Id. p. 21, 16-19). She both testified to the fact that Invesco performed verification of the basket files, but claimed to not know why it did so, nor what the checks entailed nor what technology they used. (Id. p. 23-33, 9-24). She had no knowledge of any agreements limiting the use of basket files to authorized participants nor any recollection of the disclaimer that Mr. Reitman swore was published ahead of the errors, but the internet archive said wasn't published until 5 months after the fact. (Id. p. 8-10). Her counsel objected to nearly every question, 100 objections in total.

During the deposition, Defendant's counsel made it explicitly clear that Ms. Despain was not Invesco's 30(b)(6) representative. (Id. p. 60, 3-10).

## CONCLUSION

Accordingly, since Defendant proceeded to file the Motion with a score of disputed facts, Plaintiffs must be allowed to conduct a 30(b)(6) deposition for the person most qualified to discuss Invesco's relationship with Bank of New York, Invesco's error-checking software and processes, and the facts surrounding the error. Furthermore, Plaintiffs request that the Court resets the briefing schedule with Plaintiffs' supplemental brief due two weeks after the 30(b)(6) deposition and Defendant's supplemental brief due two weeks thereafter.

Dated: November 30, 2023

Respectfully submitted,

                                                                                               Plaintiffs

                                                                                        By: <u>/s/ James L. Koutoulas</u>
                                                                                                One of their attorneys

James L. Koutoulas
Koutoulas Law, LLC
J. Samuel Tenenbaum
Tenenbaum Law, LLC
10 N. Dearborn, Suite 400
Chicago, IL 60602
james@koutoulaslaw.com
sam@tenenbaumlaw.com

*Attorneys for Attorneys for Plaintiffs*
*Jeremy Salsburg, XDG Trading, LLC,*
*Eagle's View Partners, Ltd., Eagle's View*
*Management, LP, and First Horizon*
*Bank as Trustee for Jet Support Services, Inc.*

**CERTIFICATE OF SERVICE**

  I, James L. Koutoulas, certify under penalties of perjury that I caused a copy of this Response in Opposition to Defendant's Motion to Dismiss to be filed electronically via the Court's CM/ECF System on November 30, 2023, and served via the Court's electronic filing system upon counsel of record.

                      /s/ James L. Koutoulas